**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KIMBERLY EDWARDS**                                                           **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 3:17CV968-LG-LRA**

**ST. DOMINICS**                                                        **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the Motion to Proceed *In Forma Pauperis* filed by Kimberly Edwards [hereinafter "Plaintiff"], an adult resident citizen of Pickens, Holmes County, Mississippi. Plaintiff filed a Complaint against "St. Dominics" utilizing a form Complaint for diversity jurisdiction under 28 U.S.C. § 1332 ["Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence"]. Plaintiff does not state the citizenship of St. Dominics other than to give its address at 969 Lakeland Drive, Jackson, MS 39216.

Examining only Plaintiff's income and expenses, the undersigned finds that she is entitled to proceed without the prepayment of fees. She is unemployed and has no income or property, and her motion should be granted. Where the plaintiff's financial information shows that a filing fee would cause "undue financial hardship," the district court has discretion to reduce or waive the fee. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The case may also be dismissed at any stage if there is no basis for federal subject matter jurisdiction.

In her Complaint, III. Statement of Claim, under the section which states "[t]he acts or omissions caused or contributed to the cause of the plaintiff's injuries by (*explain*)," Plaintiff stated:

> Not taking me serious and not listening to my chief complaints. Last but not least, listed some things on my chart that I did not state.

[1, p. 4].

Under Section IV., "Relief," Plaintiff alleged:

> I had high blood pressure and a very bad kidney infection back problems and liver problems. I was only prescribed medicine, which was making liver problems worser and had a light stroke. $220,000,000.00. When I had appointments they wouldn't have a doctor or nurse practitioner in at least that's what I was told. I went to the one in Durant MS they turned me around saying I had a appointment for the one in Lexington, MS which when I got there said they didn't have a doctor there and I wasn't notified about the appointment because they thought I wasn't gone keep it. two of my major organs are now failing.

[1, p. 4].

Federal Courts are courts of limited jurisdiction and courts "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir.2001); U.S.Const., art. III, § 2. Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case. *See Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 582-83 (1999). The Court must inquire into its subject-matter jurisdiction on its own initiative. *Id.* It may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great W. Energy Corp*., 896 F.2d 170, 173 (5th Cir.1990)(see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.1999)). The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction.

Although Plaintiff attempts to invoke diversity jurisdiction, she lists all parties as being from Mississippi. Therefore, based upon the record, complete diversity of citizenship is lacking. 28 U.S.C. § 1332(a)(1). The Court must have original jurisdiction, either via federal question or through diversity jurisdiction. Plaintiff has stated no diversity of citizenship, nor does she set forth a claim under a federal statute or the United States Constitution. Her claims are generally state law tort claims based upon her contentions that the medical care she received while hospitalized at St. Dominics was apparently negligent. St. Dominics appears to be a private corporation, not a government actor, and the Complaint appears to assert only state law claims against it. The Court cannot conclude that federal question jurisdiction exists.

The Plaintiff is prosecuting this case pro se, and her pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Although the undersigned has liberally construed her allegations, no basis for subject matter jurisdiction can be discerned from the allegations of the Complaint. The Court is unable to exercise jurisdiction to consider the merits of the case. *See Ruhrgas*, 526 U.S. at 583. Accordingly, Plaintiff's motion to proceed without paying costs should be granted but her complaint should then be dismissed without prejudice.

Plaintiff should be advised that her complaint may or may not set forth a valid claim under state law; she may wish to file her Complaint in justice court, county court, or circuit court, depending on the amount of damages requested.

## Conclusion

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within 14 days after service of this report and recommendation. Plaintiff is hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 18th day of January 2018.

                                                  s/Linda R. Anderson
                                        UNITED STATES MAGISTRATE JUDGE